**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

SHERGROUP USA, LLC, INTREPID
SERVICES INTERNATIONAL, LLC, and
ONE WORLD SERVICES, LLC,
    Plaintiffs,

v.                                               Case No. 6:26-cv-01128-RBD-RMN

CLAIRE SANDBROOK and
SHERGROUP GLOBAL CONSULTING LLC,
    Defendants.

_____/

## ANSWER OF DEFENDANT SHERGROUP GLOBAL CONSULTING LLC

Defendant, SHERGROUP GLOBAL CONSULTING LLC ("Shergroup Global"), by and through its undersigned counsel, hereby files this Answer to the Complaint filed by Plaintiffs SHERGROUP USA, LLC, INTREPID SERVICES INTERNATIONAL, LLC, AND ONE WORLD SERVICES, LLC (collectively, "Plaintiffs"), and states as follows:

### ANSWER

1.    Admit Shergroup USA, LLC ("Shergroup USA") is a Florida limited liability company and that it has relocated to Alabama. Otherwise, without knowledge and therefore denied.

2.    Admit as to the location and dates concerning Plaintiff's prior address, but otherwise without knowledge and therefore denied.

3.    Admit Intrepid Services International ("Intrepid") is a member of Shergroup USA, but otherwise without knowledge and therefore denied.

4.    Admit One World Services, LLC ("One World") is a member of Shergroup USA, but otherwise without knowledge and therefore denied.

5.    Admit Claire Sandbrook ("Sandbrook") is an individual residing in Lake County, Florida. Admit Sandbrook is a member of Shergroup USA.  Denied as to the remaining allegations.

6.    Admit.

7.    Admit, but denied as to the validity of all claims.

8.    Admit, but denied as to the validity of all claims.

9.    Admit, but denied as to the validity of all claims.

10.    Admit, but denied as to the validity of all claims.

11.    Admit that Defendants reside in and conduct business in Orlando, otherwise, denied.

12.    Denied.

13.    Admit.

14.    Admit.

15.    Admit Sandbrook is the sole owner of Shergroup Limited and that ownership was transferred in 2012, otherwise denied.

16.    Admit.

17. Denied.

18. Admit Shergroup USA used the name Shergroup in the United States, but denied that such use was exclusive since 2011.

19. Denied.

20. Admit that Shergroup USA had a website and other brand-facing materials associated with its services, otherwise denied.

21. Denied.

22. Admit that Sandbrook became the manager, otherwise denied.

23. Admit that Sandbrook executed an AmeriFactors Factoring Agreement, but without knowledge that it was executed on January 3, 2018.

24. Admit that the AmeriFactors Factoring Agreement which Sandbrook executed speaks for itself, otherwise denied.

25. Denied.

26. Denied.

27. Admit.

28. Admit Operating Agreement was signed, otherwise denied.

29. Denied.

30. Without knowledge, therefore denied.

31. Admit the Operating Agreement speaks for itself, otherwise denied.

32. Admit the Operating Agreement speaks for itself, otherwise denied.

33. Admit that the Operating Agreement speaks for itself, otherwise denied.

34. Admit that the Operating Agreement speaks for itself, otherwise denied.

35. Admit that the Operating Agreement speaks for itself, otherwise denied.

36. Admit that the Operating Agreement speaks for itself, otherwise denied.

37. Without knowledge, therefore denied.

38. Without knowledge, therefore denied.

39. Without knowledge, therefore denied.

40. Without knowledge, therefore denied.

41. Without knowledge, therefore denied.

42. Without knowledge, therefore denied.

43. Admit that disputes arose between the members, otherwise denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

4

49.     Denied.

50.     Admit.

51.     Admit that Sandbrook and Shergroup UK's prior counsel, Fernandez Legal, sent a letter to Shergroup USA and its counsel in October  2025, the content of which speaks for itself,  otherwise denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Admit that Shergroup Global Consulting, LLC ("SGC") was formed on or about April 18, 2025, otherwise denied.

57.     Admit.

58.     Admit.

59.     Admit that on or about April 27, 2025 SGC filed the trademark application, otherwise denied.

60.     Admit that SGC had rights of ownership to file the trademark application otherwise denied.

61.     Admit that SGC was formed in 2025, but denied that SGC did not have the right to register the mark and denied that SGC needed Shergroup USA to authorize use of the mark.

5

62.    Denied.

63.    Admit.

64.    Denied.

65.    Admit that SGC is the registrant and has rights associated with ownership as authorized by Shergroup Limited ("Shergroup UK"), but otherwise denied.

66.    Admit that Shergroup UK's prior counsel, Trethowans LLP, sent a letter to Shergroup USA, the content of which speaks for itself, otherwise denied.

67.     Admit that Shergroup UK's prior counsel, Fernandez Legal, sent a letter to Shergroup USA, the content of which speaks for itself, otherwise denied.

68.    Denied.

69.    Admit that Shergroup UK did not have a registered trademark in the U.S. from 2017 to April 2025, but otherwise denied.

70.    Denied.

71.    Denied.

72.    Denied.

73.    Denied.

74.    Denied.

75.    Admit that SGC was registered with the Division of Corporations at the 1420 Celebration Blvd, Suite 200 address, but otherwise denied.

76. Denied.

77. Denied.

78. Admit that a June 11, 2025 letter was received, otherwise denied

79. Admit that a June 11, 2025 letter was received, otherwise denied.

80. Denied.

81. Denied.

82. Denied.

83. Without knowledge, therefore denied.

84. Denied.

85. Denied.

86. Admit these debts are owed but denied these debts were asserted for the first time after dissociation.

87. Denied.

88. Denied.

89. Denied.

90. Denied that the debts were not disclosed.

91. Denied.

92. Denied.

93. Denied.

94. Without knowledge, therefore denied.

95. Without knowledge, therefore denied.

96. Without knowledge, therefore denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Without knowledge, therefore denied.

104. Without knowledge, therefore denied.

105. Without knowledge, therefore denied.

106. Without knowledge, therefore denied.

107. Without knowledge, therefore denied.

108. Denied.

109. Denied.

110. Denied.

111. Without knowledge, therefore denied.

112. Denied.

113. Denied.

114. Denied.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Denied.

## COUNT I (Breach of Operating Agreement
### Article 12.1 – Shergroup against Sandbrook)

119 – 126.    The allegations in this Count are not directed at SGC and therefore no response from SGC is required. To the extent that any response is required from SGC, the allegations are denied.

## COUNT II (Breach of Operating Agreement
### Articles 12.2 & 12.66 – Shergroup against Sandbrook)

115    – 124. The allegations in this Count are not directed at SGC and therefore no response from SGC is required. To the extent that any response is required from SGC, the allegations are denied. [1]

## COUNT III (Breach of Fiduciary Duty – Shergroup against Sandbrook)

125.    – 131. The allegations in this Count are not directed at SGC and therefore no response from SGC is required. To the extent that any response is required from SGC, the allegations are denied.

---

[1] Count II of the Complaint restarts the numbering of the individual paragraphs with number 115. Therefore the Complaint contains two of each of the following paragraphs: 115 to 125. This Answer adopts the same numbering as employed in the Complaint in an attempt to avoid confusion.

**COUNT IV (Wrongful Dissociation – Shergroup against Sandbrook)**

132. – 137.    The allegations in this Count are not directed at SGC and therefore no response from SGC is required. To the extent that any response is required from SGC, the allegations are denied.

**COUNT V (Tortious Interference with Business Relationships – Shergroup against both Defendants)**

138.    Defendant re-alleges and incorporates by reference its responses to Plaintiffs' allegations in Paragraphs 1 through 118 of this Answer as though fully set forth herein.

139.    Admit that Shergroup USA had business relationships, otherwise denied.

140.    Admit that Shergroup USA had business relationships, otherwise denied.

141.    Admit that Shergroup USA had business relationships, otherwise denied.

142.    Denied.

143.    Denied.

144.    Denied.

145.    Denied.

146.    Denied.

10

147.   Denied.

148.   Denied.

**COUNT VI (Federal False Designation of Origin & Unfair Competition – Shergroup against both Defendants)**

149.   Defendant re-alleges and incorporates by reference its responses to Plaintiffs' allegations in Paragraphs 1 through 118 of this Answer as though fully set forth herein.

150.   Denied.

151.   Denied.

152.   Admit SGC is registered with the Division of Corporations at the prior address of Shergroup USA, otherwise denied.

153.   Denied.

154.   Denied.

155.   Denied.

156.   Denied.

157.   Denied.

158.   Denied.

159.   Denied.

160.   Denied.

161.   Denied.

## COUNT VII (Contributory Federal False Designation of Origin – Shergroup against Sandbrook)

162. – 171. The allegations in this Count are not directed at SGC and therefore no response from SGC is required. To the extent that any response is required from SGC, the allegations are denied.

## COUNT VIII (Florida Common Law Trademark Infringement & Unfair Competition – Shergroup against both Defendants)

172. Defendant re-alleges and incorporates by reference its responses to Plaintiffs' allegations in Paragraphs 1 through 118 of this Answer as though fully set forth herein.

173. Denied.

174. Denied.

175. Denied.

176. Denied.

177. Denied.

178. Denied.

179. Denied.

180. Denied.

181. Denied.

182. Denied.

12

## COUNT IX (Cancellation of Trademark Registration – Shergroup against Defendant LLC)

183. Defendant re-alleges and incorporates by reference its responses to Plaintiffs' allegations in Paragraphs 1 through 118 of this Answer as though fully set forth herein.

184. Admit that Defendant is the registrant of the Trademark, otherwise denied.

185. Denied.

186. Denied.

187. Denied.

188. Denied.

189. Denied.

## COUNT X (Fraudulent Procurement of Trademark Registration – Shergroup against Defendant LLC)

190. Defendant re-alleges and incorporates by reference its responses to Plaintiffs' allegations in Paragraphs 1 through 118 of this Answer as though fully set forth herein.

191. Denied.

192. Denied.

193. Denied.

194.   Denied.

195.   Denied.

196.   Denied.

197.   Denied.

198.   Denied.

199.   Denied.

## COUNT XI (Fraudulent Inducement – Intrepid and One World against Sandbrook)

200.   – 207. The allegations in this Count are not directed at SGC and therefore no response from SGC is required. To the extent that any response is required from SGC, the allegations are denied.

## COUNT XII (Declaratory Judgment – Shergroup against both Defendants)

208.   Defendant re-alleges and incorporates by reference its responses to Plaintiffs' allegations in Paragraphs 1 through 118 of this Answer as though fully set forth herein.

209.   Without knowledge, therefore denied.

210.   Denied.

211.   Denied.

212.   Denied.

14

## AFFIRMATIVE DEFENSES

1.      This Answer is on behalf of SGC. Defendant, Claire Sandbrook will respond separately to the Complaint.  To the extent Sandbrook asserts affirmative defenses, SGC incorporates such defenses herein.

WHEREFORE, Defendant, SGC, requests entry of a final judgment in its favor which determines that Plaintiffs shall take nothing from their Complaint and awarding Defendant its reasonable attorney's fees and costs.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 16, 2026, the foregoing was submitted for filing to the Clerk of the Courts by using the CM/ECF system which will send a Notice of Electronic Filing to the Electronic Service Recipients of record, in accordance with Rule 5 of the Federal Rule of Civil Procedure and the CM/ECF Administrative Procedures of the Middle District of Florida.

/s/ Robert W. Anthony
Robert W. Anthony, Esquire
LEAD COUNSEL FOR DEFENDANTS
Florida Bar No. 346918
Fassett, Anthony & Taylor, P.A.
1325 W. Colonial Drive
Orlando, FL 32804
Phone: 407-872-0200 / Fax: 407-422-8170
Primary E-Mail: ranthony@fassettlaw.com
Secondary E-Mails:
ksimpkins@fassettlaw.com
*Attorneys for Defendants*

Spencer M. Gledhill, Esq.
Fla. Bar No. 0087247

15

Fassett, Anthony & Taylor PA.
1325 W. Colonial Drive
Orlando, FL 32804
Phone: 407-872-0200/ Fax: 407-422-8170
Primary E-Mail: sgledhill@fassettlaw.com
Secondary E-Mail: lpropst@fassettlaw.com

**Service List:**
Julia Hannah Weber, Esq.
Joseph F. Southron, Esq.
Southron Firm, P.A.
400 N. Ashley Drive, Suite 1720
Tampa, FL 33602
Primary Emails: julia.weber@southronfirm.com;
joe@southronfirm.com
Secondary Email: service@southronfirm.com
*Attorneys for Plaintiffs*