UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHERGROUP USA, LLC, INTREPID
SERVICES INTERNATIONAL, LLC,
AND ONE WORLD SERVICES, LLC,

      Plaintiffs,

v.                         Case No. 6:26-CV-01128-RBD-RMN

CLAIRE SANDBROOK AND
SHERGROUP GLOBAL CONSULTING LLC,

      Defendants.

_____

## Uniform Case Management Report

      The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

### 1. Date and Attendees

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference by electronic communications and telephone on July 24, 2026. Julia Weber and Spencer Gedhill attended the conference.

### 2. Deadlines and Dates

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 9/28/2026 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 9/7/2027 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). Plaintiff | 7/7/2027 |
| Defendant | 8/6/2027 |
| Rebuttal | 8/16/2027 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 9/15/2027 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 10/12/2027 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. Honorable Gregory P. Holder, 5401 West Kennedy Blvd., Suite 170, Tampa, FL 33609. 727-244-1373 | 9/28/2027 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 2/3/2028 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 2/10/2028 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 2/17/2028 |
| Month and year of the trial term. | 3/20/2028 |

The trial will last approximately 10 days and be

☒ jury.
☐ non-jury.

### 3.  Description of the Action

This action arises from a dispute among the members of Plaintiff Shergroup USA, LLC ("Shergroup"), a Florida company providing security and high court enforcement services, and Defendants, Claire Sandbrook, a dissociated member of Shergroup, and her new Florida limited liability company Shergroup Global Consulting LLC ("SGC"). Plaintiffs allege that Shergroup USA has used the "Shergroup" name and mark in United States commerce since 2011 in connection with its security services. Sandbrook dissociated from Shergroup USA in May 2025, and Plaintiffs allege she breached the Operating Agreement's restrictive covenants (including a covenant against unfair competition, a non-competition clause, and Sandbrook-specific covenants) and her fiduciary duties as a member and manager.

Plaintiffs further allege that SGC, formed by Sandbrook before her dissociation, filed a federal trademark application for the word mark "SHERGROUP" (Serial No. 99157418) containing materially false statements regarding use in commerce. The Complaint asserts twelve counts: breach of the Operating Agreement (Counts I–II), breach of fiduciary duty (Count III), wrongful dissociation under Fla. Stat. § 605.0601 (Count IV), tortious interference with business relationships (Count V), federal false designation of origin under 15 U.S.C. § 1125(a) (Counts VI–VII), Florida common law trademark infringement (Count VIII), cancellation of the trademark registration under 15 U.S.C. § 1119 (Count IX), fraudulent procurement under 15 U.S.C. § 1120 (Count X), fraudulent inducement (Count XI), and declaratory judgment under 28 U.S.C. § 2201 (Count XII).

Defendants assert that this suit is governed by an arbitration agreement and that all pending disputes should be resolved in binding arbitration. Defendants have filed a motion to compel arbitration which remains pending.  Defendants do not waive their right to arbitrate hereby.

SGC filed an answer and objects to the relief requested by Plaintiff. If arbitration is not ordered and Sandbrook is required to answer, she will file a counterclaim.

4.  **Disclosure Statement**

☒ Each party has filed a disclosure statement using the required form.

5.  **Related Action**

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6.  **Consent to a Magistrate Judge**

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

7.  **Preliminary Pretrial Conference**

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

## 8. Discovery Practice

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

## 9. Discovery Plan

The parties submit the following discovery plan under Rule 26(f)(2):

A.  The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☐  Yes.
☒  No; instead, the parties agree to these changes: Changes to timing, form, or requirement for disclosures under Rule 26(a) as set forth above.

B.  Discovery may be needed on these subjects:

(i) the formation and governance of Shergroup USA, including the May 2022 Operating Agreement, member contributions, distributions, and Sandbrook's dissociation;
(ii) the ownership, use, and licensing of the "Shergroup" name and mark in the United States, including the relationship between Shergroup USA, Shergroup Limited (UK), and Shergroup Global Consulting LLC;
(iii) the trademark application (Serial No. 99157418), including the statements made to the USPTO and the basis for claimed use in commerce;
(iv) Sandbrook's activities before and after dissociation, including formation of SGC, use of company resources, and communications with Shergroup USA clients and contacts;

(v) financial records bearing on damages, including Shergroup USA revenue, the AmeriFactors factoring agreement, member distributions, and any revenue or business obtained by SGC; and
(vi) communications among the parties and third parties relevant to the disputed trademark and operating agreement claims;
(vii) consumer confusion, confusion in the marketplace, and other trademark-related issues;
(viii) financial discovery including without limitation Shergroup USA's and SGC's revenue, profit and loss statements, expenses and operating costs, and related financial information;
(ix) discovery on damages, irreparable harm, willfulness, and other remedy-related discovery;
(x) the formation of the Side Bar Agreement and whether the Side Bar Agreement was fully executed;
(xi) the consideration provided by each of the Shergroup USA members in exchange for their interests;
(xii) communications between the parties and with third parties;
(xiii) loans to Shergroup USA; and
(xiv) all other issues raised in the pleadings, including any counter claim or affirmative defenses filed hereafter.

C.   Discovery should be conducted in phases:

☒   No.
☐   Yes; describe the suggested phases.

D.   Are there issues about disclosure, discovery, or preservation of electronically stored information?

☒   No.
☐   Yes; describe the issue(s).

E.   ☐   The parties state the following views and proposals on any issues about claims of privilege or of protection as trial-preparation materials, including the timing and method for complying with Rule 26(b)(5)(A), Federal Rules of Civil Procedure, and—if the parties agree on a procedure to assert these claims after

production—whether to ask the Court to include any agreement in an order under Rule 502(d), Federal Rules of Evidence: The parties may enter into an agreement seeking maximum protection under Rule 502(d) to address the inadvertent production of privileged and/or work product material, and would collaborate in good faith to establish a stipulated protective order to protect confidential information obtained by the parties in connection with the case. The Rule 502(d) agreement would be incorporated into any stipulated protective order.

F.  The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒  No.
☐  Yes; describe the stipulation.

## 10. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

[ON NEXT PAGE]

/s/ Julia Hannah Weber
Julia Hannah Weber
Lead Counsel for Plaintiffs
**SOUTHRON FIRM, P.A.**
400 N. Ashley Drive, Suite 1720
Tampa, Florida 33602
Tel. (813) 773-5105
Fax (813) 683-4338
7/24/2026

/s/ Joseph F. Southron
Joseph F. Southron
Counsel for Plaintiffs
**SOUTHRON FIRM, P.A.**
400 N. Ashley Drive, Suite 1720
Tampa, Florida 33602
Tel. (813) 773-5105
Fax (813) 773-5103
7/24/2026

/s/ Spencer M. Gledhill, Esq.
Spencer M. Gledhill
Counsel for Defendants
Fassett, Anthony & Taylor, P.A.
1325 W. Colonial Drive
Orlando, Florida   32804
Phone: 407-872-0200 x 3008
Fax:    407-422-8170
7/24/2026