UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHERGROUP USA, LLC, INTREPID SERVICES INTERNATIONAL, LLC, and ONE WORLD SERVICES, LLC,

Plaintiffs,

v. Case No. 6:26-cv-01128-RBD-RMN

CLAIRE SANDBROOK and SHERGROUP GLOBAL CONSULTING LLC,

Defendants.
_____________________________________/

**DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO COMPEL ARBITRATION AND INCORPORATED MEMORANDUM OF LAW**

Defendants, CLAIRE SANDBROOK ("Sandbrook") and SHERGROUP GLOBAL CONSULTING LLC ("SGC") (collectively, "Defendants"), by and through their undersigned counsel, hereby move this Court for an order staying all discovery in this action pending the Court's resolution of Defendants' Motion to Compel Arbitration (Doc. 20) (the "Motion to Compel"). In support thereof, Defendants state as follows:

## BACKGROUND

1. On May 21, 2026, Plaintiffs filed their Complaint against Defendants. (Doc. 1).

2. On July 21, 2026, Defendants filed their Motion to Compel Arbitration, seeking to compel all claims to binding arbitration pursuant to the Side Bar Agreement (Composite Exhibit "A" to Motion to Compel) and to stay this action pursuant to 9 U.S.C. § 3. (Doc. 20).

3. Plaintiffs' Response in Opposition to Defendants' Motion to Compel Arbitration was filed on August 4, 2026. (Doc. 24.) The response does not rely on any declaration disputing the underlying facts and presents legal arguments in opposition. Further, the response incorrectly argues that Article 5.3.5 of the Side Bar Agreement allows litigation to go forward so long as there is a request for injunctive relief, even though the provision is intended to act as an enforcement mechanism for the arbitration provision itself. Article 5.3.5 is part of the Arbitration Agreement within Section 5.3 titled "Arbitration." Its reference to injunctive relief should be read in context as part of compelling arbitration by injunctive relief, not denying arbitration.

4. The Motion to Compel Arbitration remains pending. No ruling has been issued.

5. On August 12, 2026, Plaintiffs served their First Set of Interrogatories to Defendant Claire Sandbrook, First Set of Interrogatories to Defendant Shergroup Global Consulting LLC, First Request for Production to Defendant Claire Sandbrook, and First Request for Production to Defendant Shergroup Global Consulting LLC. None of the Plaintiffs' propounded discovery served relates to the pending Motion to Compel.

6. Pursuant to a 20-day extension granted by Plaintiffs' counsel, Defendants' responses to Plaintiffs' discovery requests are currently due on October 13, 2026, in light of Columbus Day.

7. On September 28, 2026, as required by Rule 26(a)(1) and the Court's August 3, 2026, Case Management and Scheduling Order, (Doc. 23), the Defendants served their initial disclosures. As of the date of this motion, Plaintiffs have not served their initial disclosures.

8. Defendants' Motion to Compel Arbitration, if granted, would require all claims to be resolved in arbitration and would result in a stay of this entire action. Therefore, the pending Motion to Compel is potentially dispositive of the proper forum for this dispute.

## MEMORANDUM OF LAW

Defendants respectfully submit that this Court should exercise its broad discretion to stay all discovery pending resolution of the Motion to Compel. The Motion to Compel is directed to the entire case: if granted, it will refer all of Plaintiffs' claims to binding arbitration and stay this action under 9 U.S.C. § 3, eliminating any need for discovery under the Federal Rules of Civil Procedure. Requiring Defendants to respond to Plaintiffs' broad merits discovery before the Court resolves this threshold forum question would impose precisely the expense and burden that arbitration—and a stay of discovery—are designed to avoid.

### I. The Court Has Broad Discretion to Stay Discovery Pending a Potentially Dispositive Motion

"[D]istrict courts are entitled to broad discretion in managing pretrial discovery matters." *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002). A stay may also be granted under Federal Rule of Civil Procedure 26(c). A stay of discovery is available when there is a pending motion to compel arbitration based on an agreement to arbitrate. *See Suarez-Valdez v. Shearson Lehman/Am. Exp., Inc.*, 858 F.2d 648 (11th Cir. 1988). Indeed, a stay of discovery is particularly appropriate when there is an agreement to arbitrate because "[a]n agreement to arbitrate is an agreement to proceed under arbitration and not

under court rules." *Id.* at 649. In this Division, stays of discovery have been granted when a motion to compel arbitration is pending. *Tarver v. Republic Fin., LLC*, No. 6:26-CV-00986-AGM-NWH, 2026 WL 2411424 (M.D. Fla. Aug. 18, 2026) (citing several cases from the Middle District of Florida where the authority to stay discovery pending an arbitration motion was recognized); *accord Feldman v. Flood*, 176 F.R.D. 651 (M.D. Fla. 1997).

In exercising this discretion, the Court "inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Feldman*, 176 F.R.D. at 652. To conduct that balancing, it is helpful for the Court to "take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted." *Id.* at 652-53. A stay of all discovery is most appropriate where resolution of the pending motion would dispose of the entire case, and is rarely appropriate where it would not. *Id.* at 652.

Here, the Motion to Compel seeks to refer all twelve counts of the Complaint to binding arbitration and to stay this entire action under 9 U.S.C. § 3. (Doc. 20). Further, the discovery served by Plaintiffs is related to the merits of the claims, not the Motion to Compel. Thus, if the Motion to Compel is successful,

the discovery propounded by Plaintiff will be moot or irrelevant. Because granting the motion would dispose of the entire action by removing it from this forum, a stay of discovery is appropriate. This District has repeatedly recognized that a court "may stay discovery pending resolution of a motion to compel arbitration." *Tarver,* No. 6:26-CV-00986 at *2. Indeed, "[C]ourts have routinely stayed discovery into the underlying merits of the case when a motion to compel arbitration has been filed in good faith." *Id.* (quoting *Morat v Cingular Wireless LLC*, No. 3:07-cv-1057-J20JRK, 2008 WL 11336388, at *2 (M.D. Fla. Feb. 14, 2008)).

A preliminary peek at the Motion to Compel reveals an immediate and clear possibility that it will be granted. As set forth in the Motion, the parties executed a Side Bar Agreement containing a broad arbitration clause requiring final and binding arbitration of "all claims or disputes relating in any way to the performance, interpretation, validity, or breach" of the agreement, and each of Plaintiffs' claims arises from or relates to the parties' contractual relationship governing Shergroup USA. (Doc. 20). Meanwhile, the response does not rely on any declaration in support and misinterprets Article 5.3.5 of the Side Bar Agreement to mean that any request for injunctive relief would except the case from arbitration. However, Article 5.3.5 was intended to allow for enforcement

of the arbitration provision in court, not to create an exception that would swallow the provision.

Thus, the Motion to Compel was filed in good faith and is likely to succeed. The posture here is materially similar to *Tarver*, decided in this Division, where the court—after taking the required "preliminary peek" at a pending motion to compel arbitration—found that "the motion is directed to the entire case and, if granted, would result in the Court staying the case pending completion of the arbitration proceedings, with the potential for Plaintiffs' claims against Defendant to be resolved in arbitration," and accordingly stayed all discovery. *Tarver*, No. 6:26-CV-00986-at *2. The Eleventh Circuit has affirmed the same approach, holding that a magistrate judge did not err in staying discovery after taking a "preliminary peek" at a motion to compel arbitration and "determined that they were likely meritorious and dispositive of the case." *Bufkin v. Scottrade, Inc.*, 812 F. App'x 838 (11th Cir. 2020).

**II. Proceeding with merits discovery now would impose unnecessary burden and expense that a stay would avoid**

Staying discovery pending a potentially dispositive threshold ruling serves the interests of efficiency and judicial economy. As the Eleventh Circuit has explained, resolving a potentially dispositive issue "before discovery has begun" avoids "unnecessary costs to the litigants and to the court system," whereas

delaying the ruling until after the parties complete discovery "encourages abusive discovery" and imposes unnecessary costs. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997). Plaintiffs have served four sets of broadly cast merits discovery—two sets of interrogatories and two requests for production—seeking broad categories of documents and information, including financial records, loan agreements, corporate and trademark records, communications, and the circumstances of Defendant Sandbrook's dissociation. If the Motion to Compel is granted, the need for merits discovery in this action will be eliminated.

**III. Plaintiffs will not be prejudiced by a stay**

A stay will cause Plaintiffs no cognizable harm. A stay would simply preserve the status quo while the Court resolves the threshold forum question. No merits discovery is necessary for the Court to decide the Motion to Compel, which turns on the existence and scope of the parties' written arbitration agreement—a question the Court can resolve on the papers. As in *Tarver*, Plaintiffs cannot show that they "will be harmed by a stay." *Tarver*, No. 6:26-CV-00986 at *2. Any argument from Plaintiffs that they would be harmed by a stay is undercut by the fact that Plaintiffs have failed to provide initial disclosures as

required by Rule 26(a)(1) and this Court's Case Management and Scheduling Order.

On balance, any minimal harm to Plaintiffs from a stay is outweighed by the substantial burden and expense of merits discovery that may prove entirely unnecessary. The balance of harms weighs decisively in favor of a stay.

**WHEREFORE**, Defendants respectfully request that the Court stay all discovery pending its resolution of the Motion to Compel and for such other relief as this Court deems proper.

/s/______________________________
Spencer M. Gledhill, Esq.
Florida Bar No. 087247
Robert W. Anthony, Esquire
Florida Bar No. 346918
Fassett, Anthony & Taylor, P.A.
1325 W. Colonial Drive
Orlando, FL 32804
Phone: (407) 872-0200/Fax: (407) 422-8170
Primary Emails: ranthony@fassettlaw.com; sgledhill@fassettlaw.com
Secondary Emails: ksimpkins@fassettlaw.com lpropst@fassettlaw.com
*Counsel for Defendants*

## GOOD FAITH CERTIFICATE

In accordance with Local Rule of Civil Procedure 3.01(g), the undersigned counsel attempted to confer with Julia Weber regarding the relief requested in the forthcoming motion. Counsel conferred by email with Ms. Weber on October

7, 2026, but was unable to reach an agreement on the relief requested. Counsel further conferred with Ms. Weber by phone on October 9, 2026, but a resolution could not be reached.

*/s/ Spencer M. Gledhill*
Spencer M. Gledhill, Esq.
Florida Bar No. 087247

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 9, 2026, I electronically filed a copy of the foregoing with the Clerk of the Court for the United States District Court for the Middle District of Florida by using the CM/ECF system which will send a notice of the electronic filing to the parties on the Service List.

*/s/ Spencer M. Gledhill*
Spencer M. Gledhill, Esq.
Florida Bar No. 087247
Robert W. Anthony, Esquire
Florida Bar No. 346918
Fassett, Anthony & Taylor, P.A.
1325 W. Colonial Drive
Orlando, FL 32804
Phone: (407) 872-0200/Fax: (407) 422-8170
Primary Emails: ranthony@fassettlaw.com; sgledhill@fassettlaw.com
Secondary Emails: ksimpkins@fassettlaw.com
lpropst@fassettlaw.com
*Counsel for Defendants*

**Service List:**
Julia Hannah Weber, Esq.
Joseph F. Southron, Esq.
Southron Firm, P.A.

400 N. Ashley Drive, Suite 1720
Tampa, FL 33602
Primary Emails: julia.weber@southronfirm.com;
joe@southronfirm.com
Secondary Email: eservice@southronfirm.com
*Attorneys for Plaintiffs*