# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

SHERGROUP USA, LLC, INTREPID SERVICES INTERNATIONAL, LLC, and ONE WORLD SERVICES, LLC,
Plaintiffs,

v. Case No. 6:26-cv-01128-RBD-RMN

CLAIRE SANDBROOK and SHERGROUP GLOBAL CONSULTING LLC,
Defendants.
_______________________________________/

**CLAIRE SANDBROOK'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Defendant, CLAIRE SANDBROOK ("Defendant"), by and through undersigned counsel, hereby responds to Plaintiffs' First Set of Interrogatories served on August 12, 2026, as follows:

**General Objections**

Defendant objects to Plaintiffs' First Set of Interrogatories on the ground that it exceeds the limit of twenty-five interrogatories, including all discrete subparts, imposed by Rule 33(a)(1). Although twenty-two interrogatories are numbered, several comprise multiple discrete subparts such that the set as served materially exceeds the permitted number. If the court denies the Defendants' pending motion to compel arbitration or their motion to stay discovery, Defendants reserve the right to further respond and object to the individual requests herein.

**Answers to Interrogatories**

1. Describe in detail the nature, amount, date, and source of each of the Asserted Loans, and identify each document you contend evidences or supports each such loan (including any loan agreement, promissory note, board resolution, or capital-account entry), stating for each: (a) the date and amount of the funds provided; (b) the source of the funds (you personally, Shergroup Limited, or another person or entity); and (c) the location and custodian of each supporting document.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

2. State the factual and legal basis for the contention, made in the October 10, 2025 letter from Fernandez Legal to Southron Firm, P.A., that the Asserted Loans constitute "a valid debt on the books of Shergroup Limited," including whether Shergroup USA ever agreed in writing to treat the funds as a debt rather than a capital contribution.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

3. Identify each occasion, if any, before your dissociation, on which you or anyone on your behalf demanded repayment of the Asserted Loans from Shergroup USA, and state the date, method, and substance of each demand.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

4. Describe the circumstances of your dissociation from Shergroup USA, including the date, the reason(s), and whether it was voluntary.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have

filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

5. Identify each provision of Article 12 of the Operating Agreement that you contend you did not breach, and state the factual basis for your contention as to each.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

6. Describe each business activity you have engaged in, individually or through SGC or any other entity, since your dissociation that relates to security, high court enforcement, or debt enforcement services, including the date each began and the identity of each client or prospective client.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have

filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

7. State the basis for any contention that you did not owe fiduciary duties to Shergroup USA as a member or manager, or that you did not breach such duties, and identify each fact and document supporting your position.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

8. Describe the circumstances under which SGC was formed, including the date, the reason for its formation, your role, and each other person involved.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants

do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

9. State the basis for the Application's claim that first use in commerce of the Mark occurred as of the date(s) stated therein, and identify each document supporting that date.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

10. Describe your understanding, at the time the Application was filed, of who owned the rights to the Mark, and identify each document or communication supporting your understanding.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants

do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

11. Identify the source and provenance of the specimen submitted with the Application (a screenshot of Shergroup USA's website), and state why that specimen was used if you contend SGC, and not Shergroup USA, owns the Mark.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

12. State the basis for any contention that Shergroup Limited, rather than Shergroup USA, owns the intellectual property described in Section 8.1 of the 2013 Operating Agreement, and identify each document supporting that contention.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

13. Identify each representation you made to Intrepid, One World, or their representatives, in connection with their becoming members of Shergroup USA under the 2022 Operating Agreement, concerning ownership of the Mark or other intellectual property.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

14. Describe the circumstances of the execution of the Side Bar Agreement, stating: (a) whether all six named signatories in fact executed it; and (b) your understanding of its intended scope.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

15. Identify each person with knowledge of the facts alleged in the Complaint as they relate to you, and state the subject matter of each person's knowledge.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

16. State the date on which you signed the copy of the Side Bar Agreement attached as Exhibit A to your Declaration (Doc. 21), state why that signature was applied in 2026 rather than in 2022, identify each other occasion on which you have signed any version of the Side Bar Agreement, and state the location of the original executed May 23, 2022 copy, if known.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

17. Identify by name, employer, and role each representative of the parties who assisted with the negotiation and drafting of the Side Bar Agreement, and state the basis for your belief that any of them possesses a fully executed copy.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

18. Describe your understanding of the identity and ownership interest of each person identified in the Side Bar Agreement as an "Actual Owner," including Enrique Sierra, Greg Wright, Paul Hammond, and John Johnson, and state the basis for your understanding.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

19. State each date, before your dissociation, on which you contend the Asserted Loans were disclosed or asserted to Shergroup USA, Intrepid, One World, or any of their representatives, identify the person to whom disclosure was made and the method of disclosure, and identify each document evidencing such disclosure.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

20. State whether and when you disclosed the existence and terms of the AmeriFactors Agreement to Intrepid or One World before their admission to Shergroup USA, and identify each document evidencing any such disclosure.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

21. State the basis for any contention that you were entitled to receive your full Member compensation under Article 6.2 of the Operating Agreement while compensation owed to Intrepid and One World was not paid, and identify all such payments made to you from 2022 through your dissociation.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

22. Describe your relationship, if any, to the India-based bookkeeping or administrative entity referenced in the Complaint and to "RampedUp" and "SGI," and state whether and when you disclosed any such relationship to Shergroup USA's other Members.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that foregoing document has been furnished on October 13, 2026 by email to the parties listed on the below Service List at the email addresses provided.

Spencer M. Gledhill, Esq.
Florida Bar No. 087247
Robert W. Anthony, Esquire
Florida Bar No. 346918
Fassett, Anthony & Taylor, P.A.
1325 W. Colonial Drive
Orlando, FL 32804
Phone: (407) 872-0200/Fax: (407) 422-8170
Primary Emails: ranthony@fassettlaw.com; sgledhill@fassettlaw.com
Secondary Emails: ksimpkins@fassettlaw.com ksimmons@fassettlaw.com
*Counsel for Defendants*

**Service List:**

Julia Hannah Weber, Esq.
Joseph F. Southron, Esq.
Southron Firm, P.A.
400 N. Ashley Drive, Suite 1720
Tampa, FL 33602
Primary Emails: julia.weber@southronfirm.com; joe@southronfirm.com
Secondary Email: eservice@southronfirm.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHERGROUP USA, LLC, INTREPID SERVICES INTERNATIONAL, LLC, and ONE WORLD SERVICES, LLC,

Plaintiffs,

v. Case No. 6:26-cv-01128-RBD-RMN

CLAIRE SANDBROOK and SHERGROUP GLOBAL CONSULTING LLC,

Defendants.
_______________________________________/

**DEFENDANT CLAIRE SANDBROOK'S RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**

Defendant, CLAIRE SANDBROOK ("Defendant"), by and through undersigned counsel, hereby responds to Plaintiffs' First Request for Production served on August 12, 2026, as follows:

**General Objections**

If the court denies the Defendants' pending motion to compel arbitration or their motion to stay discovery, Defendants reserve the right to further respond and object to the individual requests herein.

**Responses**

1. All loan agreements, promissory notes, or other instruments purporting to memorialize any of the Asserted Loans.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

2. All wire transfer confirmations, bank statements, or other records evidencing the transfer of funds constituting any of the Asserted Loans.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

3. All board resolutions, member resolutions, or meeting minutes of Shergroup USA or Shergroup Limited referencing or authorizing any of the Asserted Loans.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery

(Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

4. All general ledger entries, capital-account statements, trial balances, or other accounting records of Shergroup USA and/or Shergroup Limited reflecting any of the Asserted Loans as a loan, liability, or capital contribution.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

5. All tax records, including without limitation Forms 1099-INT, Schedule K-1, corporate income tax returns, or any amendments thereto, filed by or on behalf of you or Shergroup Limited reporting or characterizing any portion of the Asserted Loans.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants

do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

6. All communications with any accountant, auditor, or financial advisor concerning the accounting or tax treatment of the Asserted Loans.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

7. All documents and communications relating to any demand for repayment of the Asserted Loans made by you, Shergroup Limited, or anyone on your behalf, to Shergroup USA or any of its members or managers.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

8. All Articles of Incorporation, business licenses (including any state or local security license, guard card, or firearm certification), Operating Agreements or shareholder agreements, insurance policies (including liability, workers' compensation, bonding, or vehicle coverage), contracts with clients or vendors, and non-disclosure or non-compete agreements belonging to Shergroup USA that remain in your possession, custody, or control.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

9. All post orders and site-specific instructions, daily activity logs and incident reports, Standard Operating Procedures, scheduling and duty rosters, training manuals and compliance checklists, and emergency contact protocols belonging to Shergroup USA that remain in your possession, custody, or control.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants

do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

10. All guard certifications and training records, background check and drug screening records, HR files (including employment contracts, discipline records, and evaluations), and payroll provider files or access credentials belonging to Shergroup USA that remain in your possession, custody, or control.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

11. All accounts receivable and payable reports since Shergroup USA's formation, client billing schedules and contracts, financial statements since Shergroup USA's formation, records of outstanding invoices or collections, bank account and credit card information, checks, tax records and EIN documentation, and QuickBooks files or access credentials belonging to Shergroup USA that remain in your possession, custody, or control.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have

filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

12. The master client list with contact details, active proposals, quotes, and pipeline records, CRM or sales-tracking software access (including BidNet), and client communication history, including emails and client notes, belonging to Shergroup USA that remain in your possession, custody, or control.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

13. All system logins and passwords (including for email, scheduling, payroll, CRM, BidNet, BD Pipeline, Emburse Card, and monitoring systems), IP addresses and device inventories, website CMS, hosting, and domain registrar information, and social media account credentials belonging to Shergroup USA that remain in your possession, custody, or control.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

14. All records reflecting Shergroup USA equipment in your possession, custody, or control, including radios, firearms, body cameras, vehicles, uniforms, branding materials, site-specific keys, fobs, or access cards, and technology inventory such as laptops, tablets, or cell phones.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

15. All logo files, marketing materials, website content, and custom software or proprietary tools belonging to Shergroup USA that remain in your possession, custody, or control, and documents sufficient to identify each domain

name and trademark belonging to Shergroup USA that remains registered in your name or otherwise under your control.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

16. The point-of-contact list prepared for the transition and any final sign-off documentation belonging to Shergroup USA that remain in your possession, custody, or control.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

17. All documents and communications relating to your decision to form, and your role in forming, SGC.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

18. All documents and communications relating to your decision to file, and your role in preparing, filing, and prosecuting, the Application, including drafts, specimens, correspondence with counsel or trademark agents, and USPTO correspondence.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

19. All documents and communications between you and any representative of Shergroup Limited concerning the Mark or the Application.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have

filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

20. All drafts, redlines, or prior or subsequent versions of the 2013 Operating Agreement, in whatever form and however denominated.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

21. All documents and communications relating to the negotiation, drafting, or preparation of the 2013 Operating Agreement, including communications with any attorney, accountant, or other person who assisted in its preparation.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants

do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

22. All documents and communications relating to the execution of the 2013 Operating Agreement, including transmittal emails, signature pages, notarization or witness records, and any record of delivery to or receipt by any signatory.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

23. All native electronic files, metadata, and file-creation or file-modification records for the 2013 Operating Agreement and any draft thereof, including all version history, revision history, or edit-history logs, whether generated by Google Docs, Microsoft 365, Dropbox, or any similar platform, including without limitation information reflecting the date of creation, the date of last modification, and the identity of each author or editor.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have

filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

24. All documents dated between 2013 and 2025 that reference, rely upon, or are consistent with the existence of the 2013 Operating Agreement or Section 8.1 thereof, including without limitation board or member resolutions, meeting minutes, tax filings, other contracts, or correspondence.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

25. All documents and communications relating to your understanding, at any time, of who owns the Mark or other intellectual property referenced in Section 8.1 of the 2013 Operating Agreement.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery

(Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

26. All documents and communications concerning any operating agreement of Shergroup USA, LLC in effect prior to the 2013 Operating Agreement.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

27. The original (not a copy) of the 2013 Operating Agreement, if it exists in physical or hard-copy form, for inspection.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

28. All documents and communications between you and any representative of Shergroup Limited concerning the Asserted Loans.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

29. All documents and communications between you and any representative of Shergroup Limited concerning this litigation.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

30. All documents and communications between you and any Shergroup USA client, vendor, or prospective business relation from the date of your dissociation to the present.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

31. All documents relating to any business activity you have engaged in, individually or through SGC or any other entity, involving security, high court enforcement, or debt enforcement services, since your dissociation.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

32. All documents reflecting your membership interest, capital contributions, and distributions received in connection with Shergroup USA from 2022 through your dissociation.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have

filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

33. All documents and communications concerning your dissociation from Shergroup USA, including any resignation, notice, or related correspondence.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

34. All documents and communications relating to your representations to Intrepid or One World, or their representatives, concerning ownership of the Mark or other intellectual property in connection with their becoming members of Shergroup USA.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery

(Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

35. All documents and communications used, reviewed, or relied upon by you in preparing your Answer to the Complaint and your responses to Plaintiffs' First Set of Interrogatories, propounded contemporaneously herewith.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

36. All documents and communications relating to consumer or marketplace confusion between Shergroup USA and SGC, or between the Mark as used by Shergroup USA and as used or claimed by SGC or Shergroup Limited.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants

do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

37. All native electronic files, metadata, and revision-history logs for the Side Bar Agreement and for Exhibit A to your Declaration (Doc. 21).

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

38. All emails or other communications by which signed copies of the Side Bar Agreement were exchanged in May 2022, as referenced in your Declaration (¶ 5), and all communications concerning the in-person group signing and dinner described there.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

39. All drafts of the Side Bar Agreement and all communications concerning its negotiation, sufficient to identify every person who participated in drafting or negotiating it.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

40. All documents and communications concerning the AmeriFactors Factoring Agreement, including the agreement and any amendments, all communications with AmeriFactors concerning defaults, volume commitments, or termination, and all documents concerning the 2025 buyout and settlement.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

41. All documents reflecting Member compensation paid to you, Intrepid, and One World from 2022 through your dissociation, including payment records, distribution schedules, and any compensation agreements or resolutions.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

42. All documents and communications concerning any bookkeeping, administrative, or back-office services retained by or on behalf of Shergroup USA from any India-based entity, and all documents and communications concerning payments to, or services provided by, "RampedUp" and "SGI."

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

43. All documents and communications concerning your attempt in or around May 2025 to obtain a disbursement of $66,901.33 in Shergroup USA funds, the civil theft demand letter dated May 21, 2025, and the return of those funds.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

44. All documents concerning UK trademark registration UK00002444189 and UK trademark applications UK00004246591 and UK00004246589, including all documents concerning the 2017 lapse of UK00002444189 and the decision to file the 2025 applications.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

45. All documents and communications concerning any posting of Shergroup Limited content to the Shergroup USA Facebook Page after your dissociation, including the posts themselves and any communications about them.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that foregoing document has been furnished on October 13, 2026 by email to the parties listed on the below Service List at the email addresses provided.

____________________________
Spencer M. Gledhill, Esq.
Florida Bar No. 087247
Robert W. Anthony, Esquire
Florida Bar No. 346918
Fassett, Anthony & Taylor, P.A.
1325 W. Colonial Drive
Orlando, FL 32804
Phone: (407) 872-0200/Fax: (407) 422-8170
Primary Emails: ranthony@fassettlaw.com; sgledhill@fassettlaw.com
Secondary Emails: ksimpkins@fassettlaw.com
ksimmons@fassettlaw.com
*Counsel for Defendants*

**Service List:**
Julia Hannah Weber, Esq.

Joseph F. Southron, Esq.
Southron Firm, P.A.
400 N. Ashley Drive, Suite 1720
Tampa, FL 33602
Primary Emails: julia.weber@southronfirm.com;
joe@southronfirm.com
Secondary Email: eservice@southronfirm.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

SHERGROUP USA, LLC, INTREPID SERVICES INTERNATIONAL, LLC, and ONE WORLD SERVICES, LLC,
Plaintiffs,

v. Case No. 6:26-cv-01128-RBD-RMN

CLAIRE SANDBROOK and SHERGROUP GLOBAL CONSULTING LLC,
Defendants.
_______________________________________________/

**SHERGROUP GLOBAL CONSULTING LLC 'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Defendant, SHERGROUP GLOBAL CONSULTING LLC ("Defendant"), by and through undersigned counsel, hereby responds to Plaintiffs' First Set of Interrogatories served on August 12, 2026, as follows:

**General Objections**

Defendant objects to Plaintiffs' First Set of Interrogatories on the ground that it exceeds the limit of twenty-five interrogatories, including all discrete subparts, imposed by Rule 33(a)(1). Although twenty-two interrogatories are numbered, several comprise multiple discrete subparts such that the set as served materially exceeds the permitted number. If the court denies the Defendants' pending motion to compel arbitration or their motion to stay discovery, Defendants reserve the right to further respond and object to the individual requests herein.

## Answers to Interrogatories

1. Describe the circumstances of SGC's formation, including the date, the identity of each member and manager, and the purpose for which SGC was formed.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

2. State the basis for the Application's claim that first use in commerce of the Mark occurred as of the date(s) stated therein, and identify each document supporting that date.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants

do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

3. Identify each person involved, in any capacity, in the preparation and filing of the Application, describe each person's role, and identify any trademark counsel or agent consulted.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

4. Describe the source and provenance of the specimen(s) submitted with the Application, including whether SGC owned, operated, or controlled the website referenced therein (shergroupusa.com) as of the date of the specimen.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

5. State the basis for any contention that SGC owns the Mark independent of any rights claimed by Shergroup Limited or Sandbrook, and identify each document supporting that contention.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

6. Identify each business activity SGC has engaged in since its formation, including the date each began, each client or prospective client, and each state in which SGC has conducted business.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

7. State whether SGC has used, licensed, or authorized any other person or entity to use the Mark and, if so, identify each such person or entity, the terms, and the date(s).

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

8. Identify each instance of alleged or actual confusion in the marketplace between Shergroup USA and SGC of which SGC is aware, and describe the circumstances of each.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

9. State whether SGC was aware, at the time the Application was filed, of Shergroup USA's prior use of the Mark in United States commerce, and describe the basis for SGC's knowledge or lack thereof.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

10. State SGC's position on Plaintiffs' June 11, 2025 letter demanding that SGC abandon the Application, and identify each document or communication reflecting SGC's response.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

11. Identify each person with knowledge of the facts alleged in the Complaint as they relate to SGC, and state the subject matter of each person's knowledge.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

12. Describe the nature, date, form, and terms of the authorization from Shergroup Limited to SGC referenced in SGC's Answer's response to Complaint paragraph 65, and identify each document and communication evidencing that authorization.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that foregoing document has been furnished on October 13, 2026 by email to the parties listed on the below Service List at the email addresses provided.

Spencer M. Gledhill, Esq.
Florida Bar No. 087247
Robert W. Anthony, Esquire
Florida Bar No. 346918
Fassett, Anthony & Taylor, P.A.
1325 W. Colonial Drive
Orlando, FL 32804
Phone: (407) 872-0200/Fax: (407) 422-8170
Primary Emails: ranthony@fassettlaw.com;
sgledhill@fassettlaw.com
Secondary Emails: ksimpkins@fassettlaw.com
ksimmons@fassettlaw.com
*Counsel for Defendants*

**Service List:**

Julia Hannah Weber, Esq.
Joseph F. Southron, Esq.
Southron Firm, P.A.
400 N. Ashley Drive, Suite 1720
Tampa, FL 33602
Primary Emails: julia.weber@southronfirm.com;
joe@southronfirm.com
Secondary Email: eservice@southronfirm.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHERGROUP USA, LLC, INTREPID SERVICES INTERNATIONAL, LLC, and ONE WORLD SERVICES, LLC,
Plaintiffs,

v. Case No. 6:26-cv-01128-RBD-RMN

CLAIRE SANDBROOK and SHERGROUP GLOBAL CONSULTING LLC,
Defendants.
_______________________________________/

**DEFENDANT SHERGROUP GLOBAL CONSULTING LLC'S RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**

Defendant, SHERGROUP GLOBAL CONSULTING LLC ("Defendant"), by and through undersigned counsel, hereby responds to Plaintiffs' First Request for Production served on August 12, 2026, as follows:

**General Objections**

If the court denies the Defendants' pending motion to compel arbitration or their motion to stay discovery, Defendants reserve the right to further respond and object to the individual requests herein.

**Responses**

1. All documents and communications relating to the formation of SGC.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have

filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

2. All documents and communications relating to the preparation, filing, and prosecution of the Application and the resulting Registration No. 8,058,102, including all correspondence with the USPTO, drafts, and specimens.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

3. All documents reflecting SGC's revenue since its formation.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants

do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

4. All documents reflecting SGC's profit and loss, including financial statements, since its formation.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

5. All documents reflecting SGC's business activities since its formation.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

6. All documents and communications between SGC and any Shergroup USA client, vendor, or prospective business relation.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

7. All documents and communications concerning any license, assignment, or other agreement between SGC and Shergroup Limited or Sandbrook concerning the Mark or other intellectual property.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

8. All documents reflecting SGC's ownership, management, and membership structure, including its operating agreement, if any, and any amendments.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have

filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

9. All documents and communications relating to any instance of actual or alleged confusion in the marketplace between Shergroup USA and SGC.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

10. All documents and communications relating to Plaintiffs' June 11, 2025 letter demanding abandonment of the Application, including SGC's response, if any.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants

do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

11. All documents used, reviewed, or relied upon by SGC in preparing its Answer to the Complaint and its responses to Plaintiffs' First Set of Interrogatories to SGC, propounded contemporaneously herewith.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

12. All documents reflecting SGC's knowledge, at the time the Application was filed, of Shergroup USA's prior use of the Mark in United States commerce.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

13. All documents and communications evidencing any authorization, license, or grant of rights from Shergroup Limited to SGC concerning use of the Shergroup name or mark.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

14. All correspondence, including the letter referenced in SGC's Answer to Complaint paragraph 66, sent by or on behalf of Trethowans LLP to Shergroup USA or its counsel concerning ownership of the Shergroup name, the Mark, or any license.

**OBJECTION:** Defendants object to this request because this action is subject to the arbitration provision in the Side Bar Agreement. Defendants have filed a motion to compel arbitration (Doc. 20) and a motion to stay discovery (Doc. 26) and those motions remain pending before the Court. Defendants do not consent to participating in discovery in litigation when there is an agreement to arbitrate.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that foregoing document has been furnished on October 13, 2026 by email to the parties listed on the below Service List at the email addresses provided.

Spencer M. Gledhill, Esq.
Florida Bar No. 087247
Robert W. Anthony, Esquire
Florida Bar No. 346918
Fassett, Anthony & Taylor, P.A.
1325 W. Colonial Drive
Orlando, FL 32804
Phone: (407) 872-0200/Fax: (407) 422-8170
Primary Emails: ranthony@fassettlaw.com;
sgledhill@fassettlaw.com
Secondary Emails: ksimpkins@fassettlaw.com
ksimmons@fassettlaw.com
*Counsel for Defendants*

**Service List:**

Julia Hannah Weber, Esq.
Joseph F. Southron, Esq.
Southron Firm, P.A.
400 N. Ashley Drive, Suite 1720
Tampa, FL 33602
Primary Emails: julia.weber@southronfirm.com;
joe@southronfirm.com
Secondary Email: eservice@southronfirm.com
*Attorneys for Plaintiffs*